UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,          :     CASE NO. 1:04-CR-580
:
Plaintiff,          :
:
vs.                                :     ORDER & OPINION
:     [Resolving Doc. No. 652]
GILBERT JACKSON, et al.,           :
:
Defendants.         :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 5, 2006, Defendant Gilbert Jackson filed a motion to suspend the execution of his sentence and grant bond pending appeal. [Doc. No. 652]. The government objects to this motion. [Doc. No. 654]. For the reasons stated below, the Court **DENIES** Defendant Jackson's motion for bond pending appeal.

I.  Background

On January 14, 2005, the United States of America issued a sixteen count indictment against Defendant Jackson. The overarching charge alleged that Jackson along with Co-Defendant Nate Gray engaged in a RICO conspiracy involving several corruption schemes in East Cleveland, Ohio, Houston, Texas, and New Orleans, Louisiana.

Following a trial, on August 17, 2005, a jury returned a verdict of guilty on eight of the sixteen counts charged in the indictment. Specifically, the jury found Jackson guilty of: (1) one count of RICO conspiracy, in violation of 18 U.S.C. § 1962(d); (2) two counts of conspiracy to violate the Hobbs Act, in violation of 18 U.S.C. §§ 1951 and 2; (3) one count of extortion under color of official right, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); and (4) four counts of honest services mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1346 and 2.

Case No. 04-CR-580
Gwin, J.

On August 29, 2005, the Court entered an order continuing Jackson's bond until his sentencing date with the added condition that he be placed on electronic monitoring. On December 12, 2005, the Court sentenced Jackson to a term of imprisonment of eighty-two months. That same day, the Court remanded the Defendant into the custody of the United States Marshal's office. On January 5, 2006, Defendant Jackson filed a notice of appeal. The defendant now asks this Court to reinstate bond pending his appeal.

## II. Legal Standard

Prior to the Bail Reform Act of 1984, Pub. L. No. 98-473, 98 Stat.1976, courts routinely released convicted defendants on bale pending appeal, and where the government objected, it bore the burden of demonstrating that the appeal was frivolous or taken for the purpose of delay. *See U.S. v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985). With the Bail Reform Act of 1984,Congress reversed this approach, creating a presumption that defendants shall be detained at sentencing and placing the burden on the defendants to demonstrate that bail pending appeal is warranted. *See id.*; *U.S. v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988); 18 U.S.C. § 3143(b). Specifically, 18 U.S.C. § 3143(b) provides that following conviction and sentencing, the court shall order that the defendant be detained unless the defendant can meet a two part test. First, the defendant must show by clear and convincing evidence that he is not likely to flee and would pose no danger to any other person or the community if released. 18 U.S.C. § 3143(b) (1)(A). Second, the defendant must also prove that he did not take the appeal for the purpose of delay and that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)

Case No. 04-CR-580
Gwin, J.

(1)(B).

### III. Discussion

With his motion for bail pending appeal, Jackson argues that he will prevail on appeal because there lacked sufficient evidence at trial to convince a rational fact-finder of his guilt in the charged offenses. The government opposes the Defendant's motion on several bases. First, the government contends that the issue of an appellate bond in this case is moot because Jackson is currently serving a concurrent sentence of twenty-seven months in a related federal case. In that case, Jackson pled guilty and does not pursue any appeal. Second, the government contends that even if the issue is not moot, Jackson fails to assert sufficient facts and evidence to demonstrate that his appeal is likely to succeed. The Court addresses each argument below.

*A. Defendant Jackson's motion for bail pending appeal is moot.*

On January 4, 2006, less than one month after receiving his sentence in the instant case, Defendant Jackson pleaded guilty in the United States District Court for the Eastern District of Louisiana to one count of tax evasion in violation of 26 U.S.C. § 7201. *See* United States v. Gilbert Jackson, No. 04-367 (E.D. La. Jan. 4, 2006) ("New Orleans case"). As part of this agreement, Jackson made several stipulations relating to the instant case. For example, Jackson stipulated that he failed to report approximately $504,000 in income to the government during the years 1998 to 2002, a portion of which income he received from Nate Gray and companies that Nate Gray controlled. Jackson also agreed that a portion of this income stemmed from the criminal activity forming the basis of the charges in this case.

On June 8, 2006, pursuant to the plea agreement, the United States District Court for the Eastern District of Louisiana sentenced Jackson to a term of imprisonment of twenty-seven months.

Case No. 04-CR-580
Gwin, J.

The court further ordered that this sentence run concurrently with the eighty-two month sentence that this Court imposed in the instant case. Jackson has filed no appeal in the New Orleans case. As a result, he is ineligible for bond in that case and would remain in prison even if the Court were to grant his motion for bond pending appeal in this case. *Cf. U.S. v. Miller*, 753 F.2d 19, 34 (3rd. Cir. 1985) (noting that where the defendant was sentenced to concurrent sentences on more than one count and "the question deemed substantial is not related to all of those counts, then the statutory criteria for bail pending appeal would not be met as to the unaffected counts, and bail may be denied"). Accordingly, the Court finds that the Defendant's motion for bond pending appeal is moot.

*B. Defendant Jackson fails to show that he is eligible for release on bond bending appeal.*

Alternatively, the Court finds that Defendant Jackson fails to demonstrate that his appeal raises a substantial question of law or fact likely to result in the reversal of his conviction, an order for a new trial, or a reduced sentence. With his motion, the Defendant addresses this issue only briefly, stating that

> the principal argument on appeal in this matter concerns the insufficiency of the evidence . . .. No witness ever directly linked Mr. Jackson to any of the charged crimes, and therefore, as is argued to the appellate court, Mr. Jackson is very confident that he will prevail. There simply wasn't enough evidence to convince a rational fact-finder of Mr. Jackson's guilt of the charged offenses.

The Sixth Circuit has previously noted that the "mere identification of issues does not demonstrate that an appeal establishes a substantial question entitling the defendant to release pending appeal under the Bail Reform Act, 18 U.S.C. § 3143(b)(2)." *U.S. v. Moore*, Nos. 88-5460, 88-5503, 1988 WL 63191, *1 (6th Cir. June 16, 1988) (citing *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)). Instead, Jackson must show that the question he raises on appeal is "a

Case No. 04-CR-580
Gwin, J.

'close question or one that could go either way' and that the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985)).

In the instant case, Jackson attacks the sufficiency of the evidence to support his conviction. This issue is indeed integral to the merits of Jackson's conviction. However, the Court cannot grant bond pending appeal simply because Jackson raised an issue on appeal that is integral to the merits of his conviction. Jackson must also show that the issue is "substantial." The mere fact "that reasonable judges could differ . . . or that the issue is fairly debatable or not frivolous" does not render the issue "substantial." *Powell*, 761 F.2d at 1234. Jackson makes no attempt to demonstrate that he raises a substantial question as to whether the weight of the evidence is contrary to his conviction. Accordingly, the Court finds that Jackson is ineligible for bond pending appeal, pursuant to 18 U.S.C. § 3143(b).

## IV.  Conclusion

For the reasons stated above, the Court **DENIES** Defendant Jackson's motion to suspend the execution of his sentence and grant bond pending appeal.

IT IS SO ORDERED.


Dated: July 24, 2006                                  s/         *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE