```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------
                                        :
UNITED STATES OF AMERICA,               :    CASE NO. 1:04-CR-580
                                        :
        Plaintiff,                      :
                                        :    SENTENCING MEMORANDUM
vs.                                     :
                                        :
GILBERT JACKSON,                        :
                                        :
        Defendant.                      :
                                        :
---------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this sentencing memorandum, the Court provides a "thorough explanation" of its imposition of a non-guideline sentence in the case of Defendant Gilbert Jackson ("Jackson"). *See United States v. Liou,* 491 F.3d 334, 339, n.4 (6th Cir. 2007) ("a thorough explanation is the most reliable way for a district court to make clear its reasons supporting a given sentence"); *see also Rita v. United States,* 127 S.Ct. 2456, 2468 (2007).

## I. Background

On January 14, 2005, the United States filed a 45-count superseding indictment against Defendant Jackson and five co-defendants. [Doc. 37.] On August 17, 2005, a jury found the Defendant guilty of one count of RICO conspiracy (Count 1), two counts of Hobbs Act conspiracy (Counts 26 and 41), one count of a Hobbs Act offense (Count 28), and four counts of honest services mail and wire fraud (Counts 37, 42, 43, and 44). The jury found Defendant Jackson not guilty on

-1-

Case No. 1:04-cr-580
Gwin, J.

eight counts of mail and wire fraud (Counts 32, 33, 34, 35, 36, 38, 39, and 40). [Doc. 500.]

On December 12, 2005, this Court sentenced Defendant Jackson to incarceration for 60 months each on Counts 37 and 42-44, and 82 months each on Counts 1, 26, 28 and 41 of the superseding indictment, to be served concurrently for a total of 82 months of incarceration. [Doc. 629.] The Defendant then appealed this judgment to the Sixth Circuit Court of Appeals. [Doc. 628.]

On April 2, 2008, the Sixth Circuit determined that the Defendant's conviction on Count 41, a Hobbs Act conspiracy offense based upon conduct in New Orleans in violation of 18 U.S.C. § 1951(a), lacked sufficient evidence supporting the conviction. *United States v. Gray*, 521 F.3d 514, 540 (6th Cir. 2008). [Doc. 664.] The Sixth Circuit reversed this conviction on Count 41 of the superseding indictment and remanded the matter to this Court for resentencing. *Id.* In all other respects, the Sixth Circuit affirmed the Defendant's convictions and sentences. *Id.* at 24.

After allowing the parties to file sentencing memoranda in this case, this Court conducted a resentencing hearing on July 29, 2008. [Doc. 679.] At that hearing, this Court sentenced the Defendant to 72 months of incarceration. [Doc. 680.]

## II.  Sentencing Standard

In this case, the Government argues that the Court should impose the same original sentence upon Defendant Jackson at resentencing, less a $100 special assessment, because "[d]isregarding Count 41, the facts, circumstances and advisory guidelines calculation supporting the remaining convictions considered when the Court imposed its sentence in 2005 remain unchanged." [Doc. 675 at 7.] The Defendant, however, argues that this Court has discretion to conduct a de novo review of the § 3553(a) factors in resentencing and urges this Court to consider the Defendant's post-

Case No. 1:04-cr-580
Gwin, J.

conviction conduct in reaching its decision.

Under the *Booker* sentencing regime, a district court was generally barred from considering post-conviction facts when conducting a re-sentencing after remand. *United States v. Moored,* 38 F.3d 1419, 1421-22 (6th Cir. 1994). This Court, however, interprets the *Gall* decision as a significant new recognition of district court discretion and as a "subsequent contrary view of the law by controlling authority" that permits de novo sentencing review of a sentencing decision, and therefore allows review of post-conviction facts. *Id.* at 1421 (citing *Petition of United States Steel Corp.,* 479 F.2d 489, 494 (6th Cir.), *cert. denied,* 414 U.S. 859 (1973)).

*A. De Novo Review before and after the Booker Regime*

In *Moored*, the Sixth Circuit explained that the mandate rule and the law-of-the-case doctrine generally prohibit district courts from reconsidering issues that are expressly decided by appellate courts in the context of resentencing. *Id.* at 1421-22. The Sixth Circuit, however, concluded that in certain limited circumstances where the scope of the remand permits, previously decided issues may be reopened by a district court "where there is 'substantially different evidence raised on subsequent trial; . . . subsequent contrary view of the law by controlling authority; or a clearly erroneous decision which would work a manifest injustice." *Id.* at 1421 (citing *Petition of United States Steel Corp.,* 479 F.2d 489, 494 (6th Cir.), *cert. denied,* 414 U.S. 859 (1973)). The *Moored* court also noted that several other circuit courts have concluded that district courts possess broad discretion to conduct a de novo review of sentencing factors upon a remand for resentencing.[1]

---

[1] *See Moored,* 38 F.3d at 1422 (citing *United States v. Cornelius,* 968 F.2d 703, 705 (8th Cir. 1992); *United States v. Smith,* 930 F.2d 1450, 1456 (10th Cir.), cert. denied, 502 U.S. 879 (1991); *United States v. Sanchez Solis,* 882 F.2d 693, 699; *United States v. Romano,* 749 F.Supp. 53, 55 (D.Conn. 1990), *aff'd sub nom.,United States v.*

-3-

Case No. 1:04-cr-580
Gwin, J.

In the review of a remanded *Booker* sentencing, however, the Sixth Circuit has taken the position that district courts may not consider post-sentencing conduct, because the scope of the remand is limited in nature. *See e.g.,* United States v. Worley, 453 F.3d 706, 709 (6th Cir. 2006); United States v. Adams, 209 Fed Appx. 530 (6th Cir. 2006). The Sixth Circuit has not, however, expressly extended this line of reasoning to include resentencing cases outside of the *Booker* remand context and it is presently unclear whether district courts may consider new evidence, such as the Defendant's post-sentence conduct, in reaching sentencing decisions upon remand in the Sixth Circuit.

### B. Subsequent Contrary View of the Law by Controlling Authority

At the time of Defendant Jackson's December 2005 sentencing, many district courts in the Sixth Circuit, including this Court, operated under the assumption that variances from the advisory guidelines would only be deemed "reasonable" on appellate review if "extraordinary circumstances" compelled the variance. In the aftermath of *Booker*, the Sixth Circuit adopted a relatively narrow and conservative approach in determining the "reasonableness" of district court sentencing.[2] As the Sixth Circuit recently explained, "Before *Gall* [in December 2007], we started with the premise that "'the farther the judge's sentence departs from the guidelines sentence . . . the more compelling the

---

Lanese, 937 F.2d 54 (2nd Cir. 1991)).

[2] For example, in United States v. Webb, 403 F.3d 373 (6th Cir. 2005), the Sixth Circuit held that a reasonableness review enables the appellate court to "conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." Webb, 403 F.3d at 383. Around that same time, the Sixth Circuit also concluded that district courts must address "the defendant's applicable Guidelines range" and "the reasonableness of a variation from that range" before varying from the advisory guidelines. United States v. Jackson, 408 F.3d 301, 305 (6th Cir. 2005).

-4-

Case No. 1:04-cr-580
Gwin, J.

justification based on the factors in section 3553(a)' must be." *United States v. Vowell,* 516 F.3d 503, 512 (6th Cir. 2008) (citing *United States v. Davis,* 458 F.3d 491, 496 (6th Cir. 2006); *United States v. Smith,* 474 F.3d 888, 892 (6th Cir. 2007)). Prior to the Supreme Court's 2007 decisions in *Rita* and *Gall*, therefore, the Sixth Circuit held that "when a sentence varies significantly from the guidelines range, 'extraordinary circumstances' must 'justify the full amount of the variance.'" *Smith,* 474 F.3d at 892. *See also Vowell,* 516 F.3d at 512 (noting that prior to *Gall*, "under the old review system, we would have to decide if extraordinary circumstances justified this variance").

On December 10, 2007, the Supreme Court decided *Gall v. United States,* 128 S. Ct. 586 (2007). In *Gall*, the Supreme Court held that appellate courts reviewing the reasonableness of sentences may consider the amount of variance and extent of deviation from the advisory guideline range. The Court, however, expressly rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." *Id.* at 595. The *Gall* Court strongly emphasized the broad discretion that district courts possess in reaching appropriate sentences and reminded appellate courts of their limited abuse of discretion review. *Id.* at 596. The Supreme Court advised district courts to first calculate the applicable guidelines range and then to consider all of the § 3553(a) factors before reaching a decision as to the appropriate sentence. As the Court noted, "In so doing, [the district court] may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented." *Gall,* 128 S. Ct. at 596-97 (citing *Rita,* 127 S. Ct. 2456).

In *Gall*, the Supreme Court also instructed that upon review of a sentence that falls outside of the advisory guidelines range, an appellate court "may not apply a presumption of

-5-

Case No. 1:04-cr-580
Gwin, J.

unreasonableness.  It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 597.  Accordingly, the Sixth Circuit now holds that "when 'the district's court sentencing decision is procedurally sound,' we review the substantive reasonableness of the sentence under an abuse of discretion standard, '[r]egardless of whether the sentence imposed is inside or outside the Guidelines range.'" *Vowell,* 516 F.3d at 512 (citing *Gall,* 128 S.Ct. at 597).

This Court concludes that *Gall* represents a major shift in sentencing law with the effect of empowering district courts to exercise broad discretion to determine the reasonableness of the advisory guideline range and the applicability of that range to a specific criminal defendant's case.  The Court finds that *Gall*, to a large extent, represents a "subsequent contrary view of the law by controlling authority" that did not exist at the time of Defendant Jackson's initial sentencing and therefore enables this Court to reconsider previously decided issues.  *See Moored,* 38 F.3d at 1422.  Because the scope of this remand, while narrow, does not expressly prohibit the Court from reconsidering the Defendant's sentence, this Court therefore concludes that it may consider de novo the § 3553(a) factors to reach a sentence for the Defendant that is sufficient, but no greater than necessary.

Moreover, the Court is troubled by the Government's assertion that existing Sixth Circuit case law limits the district court's ability to consider new evidence and evolving sentencing law in reviewing the sentencing factors upon remand.  The Court is obligated to consider the § 3553(a)(2) factors each time it imposes a sentence upon a criminal defendant and the Sixth Circuit has repeatedly reminded district courts that they need not engage in a "ritualistic incantation" of these

-6-

Case No. 1:04-cr-580
Gwin, J.

factors. *See, e.g.*, *Worley*, 453 F.3d at 709 (internal citation omitted). Requiring the Court to merely reiterate the same considerations it applied during an initial sentencing, regardless of the fact that such sentencing may have occurred years before, significantly undermines the purposes of the sentencing regime outlined in § 3553(a)(2). Further, the Court notes that a defendant's changed circumstances, particularly a defendant's post-conviction conduct, is important to its analysis of the sentencing factors. The Court cannot effectively determine a defendant's current risk of danger to the public, for example, without at least considering the defendant's recent conduct while incarcerated, especially in cases like the instant litigation in which the Defendant has spent over thirty months in prison between his original sentencing and this resentencing.[3]

For these reasons, the Court believes that a de novo review of the sentencing factors is appropriate in this remand for resentencing. In this sentencing memorandum, the Court will first determine the advisory guidelines range and then consider the relevant § 3553(a) factors applicable to this case. Guided by the "parsimony provision," the Court ultimately concludes that the Defendant should receive a sentence of 72 months, a sentence that is "sufficient, but not greater than necessary" to fulfill the purposes of the statute.

### III.  Calculation Under the Advisory Guidelines

Following *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are now

---

[3] The relevance of a defendant's post-conviction conduct to a court's consideration of the § 3553(a) sentencing factors upon a remand for resentencing is particularly pronounced in situations where the defendant has displayed violent characteristics or behavior during incarceration. For example, the Government's stance would require that a district court not take into account the fact that a defendant murdered a prison guard while incarcerated between the original sentencing and the resentencing. Such a proposition is troubling to this Court and does not seem to fulfill the purposes of the sentencing regime.

Case No. 1:04-cr-580
Gwin, J.

advisory. Upon appellate review, while sentences that adhere to the guidelines range are presumptively reasonable, sentences that deviate from the advisory guidelines are "neither presumptively reasonable nor presumptively unreasonable." *United States v. Ferguson,* 456 F.3d 660, 664-65 (6th Cir. 2006) (citations omitted).

District courts within the Sixth Circuit must consider the parties' arguments, the advisory guidelines range, and the other relevant 18 U.S.C. § 3553(a) factors when arriving at a sentencing decision. *See, e.g., United States v. Jones,* 489 F.3d 243, 250-51 (6th Cir. 2007) (quoting *Ferguson,* 456 F.3d at 664.); *United States v. Jones,* 445 F.3d 865, 869 (6th Cir. 2006). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) . . . the [guidelines] sentencing range . . . ;
> (5) any pertinent policy statement issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities . . . ; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Though district courts must consider the factors listed above, they need not explicitly analyze each of the factors in their sentencing determination. *See, e.g., Jones,* 445 F.3d at 869 (6th Cir. 2006); *United States v. Johnson,* 403 F.3d 813, 816 (6th Cir. 2005).

After reviewing the § 3553(a) factors, under the "parsimony provision," district courts must

Case No. 1:04-cr-580
Gwin, J.

ultimately "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2).  18 U.S.C. § 3553(a). *See also United States v. Foreman,* 436 F.3d 638, 644, n.1 (6th Cir. 2006).

The Court begins by calculating Defendant Jackson's sentence under the advisory sentencing guidelines.  Pursuant to U.S.S.G. § 2C1.1(a), the Defendant's base offense level for the offenses charged in Counts 1, 26, 28, 37, 42, 43, and 44 is 10.  The Court adds 2 levels because the offense involved more than one bribe or extortion under U.S.S.G. §2C1.1(b)(1).  The Court also adds 18 levels because the offense involved payments over $1,000,000 to influence elected officials under U.S.S.G. § 2C1.1(b)(2)(B).  The Court declines to adjust the offense level for the Defendant's role in the offense or for obstruction of justice.  The Defendant's adjusted offense level is therefore 30.  The Court further reduces the Defendant's total offense level by 2 additional levels by finding that the guidelines overstated the Defendant's responsibility for the monetary loss because the monetary benefit was received by Defendant Jackson's employer, rather than by the Defendant himself.  The Defendant's adjusted offense level is there 28.  He had suffered no countable criminal convictions and his criminal history category is I.

The advisory guidelines range for Defendant Jackson, therefore, with a total offense level of 28 and a criminal history category of I, is 78-97 months.  See 2004 U.S.S.G. Chapter 5, Part A.

### IV.  Section 3553(a) Factors

The Court next considers the Section 3553(a) factors that relate to the Defendant's case: the nature and circumstances of the offense; the Defendant's history and character; the purposes of sentencing; the kinds of sentences available; the Sentencing Commission's advisory guidelines; and

-9-

Case No. 1:04-cr-580
Gwin, J.

the need to avoid unwarranted sentencing disparities.

### 1. *The Nature and Circumstances of the Offense*

The Defendant was involved in a widespread criminal conspiracy to bribe public officials on behalf of major American corporations to influence and procure multi-million dollar municipal contracts.

### 2. *The Defendant's History and Character*

In the current case, Defendant Jackson has been incarcerated for more than two and a half years. Prior to incarceration, Defendant Gilbert Jackson was employed as the Senior Vice President of Camp, Dresser, and McKee, Inc. ("CDM"), an international construction and engineering consulting firm. The Defendant has enjoyed a long and very successful business career in this field.

The Defendant appears to have a stable family relationship with his wife and children, and financially provided for his children from both his current and previous marriages. Additionally, the Defendant was actively involved in the civic affairs of the city of New Orleans prior to incarceration. Importantly, Defendant Jackson has no prior juvenile adjudications or adult criminal convictions.[4] The Court places much emphasis on the Defendant's lack of a criminal history. It suggests a lesser risk to the public after imprisonment.

During his incarceration for the instant offenses for the past two and a half years, the Defendant has demonstrated an effort to improve himself and his fellow inmates. The Defendant

---

[4] The Court notes that Defendant Jackson was convicted of tax evasion in the U.S. District Court for the Eastern District of Louisiana in 2007. Because that court based its sentencing decision, in part, on this Court's earlier sentence, the Court does not reconsider the effect that such a conviction has upon the Defendant's current resentencing.

-10-

Case No. 1:04-cr-580
Gwin, J.

says that he has participated in self awareness and social skill classes, such as Parenting, New Beginnings, and Insight, and that he currently serves as the lead facilitator of his New Beginnings course. The Defendant's letter to this Court and statements made at his resentencing hearing further support a finding that the Defendant regrets his actions more with each day and continues to genuinely and proactively improve himself to prepare for his release.

The Defendant's history and personal characteristics suggest that he is likely to be ready to leave prison earlier than others convicted of similar crimes.

### 3. *The Purposes of Sentencing*

The Court must choose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the Defendant, and provides the Defendant with needed training, care and treatment. 18 U.S.C. § 3553(a)(2). The Court finds that a 72 month sentence accomplishes these objectives by providing a significant prison term proportionate to the seriousness of the offense and adequate to deter others from committing similar crimes.

With regard to the Court's responsibility to protect the public from future crimes of the Defendant, the Court finds that the Defendant's history and character provide reason to believe that the Defendant will pose less danger to the public after serving 72 months. Although Sixth Circuit precedent is somewhat unclear as to the consideration or weight that this Court may give to the Defendant's conduct while incarcerated between his original sentencing in December 2005 and this instant resentencing in July 2007, this Court concludes that the interests of justice require at least some consideration of the Defendant's aspirational post-conviction conduct in evaluating the risk

-11-

Case No. 1:04-cr-580
Gwin, J.

of danger that the Defendant currently poses to the community.  Moreover, the Court notes that Defendant Jackson is 54 years old and his risk of recidivism for his underlying criminal conduct is extremely low.  As will be discussed more below, this Court finds that it is highly unlikely, given the Defendant's age and high-profile criminal convictions, that he will be in a position of public influence again and thus will be unable to commit similar offenses against the public in the future.

### 4. The Kinds of Sentences Available

The Court cannot sentence Defendant Jackson to a term of imprisonment greater than twenty years.  18 U.S.C. § 1962(a).

### 5. The Sentencing Commission's Advisory Guidelines Range

As described above, the advisory guidelines range for the Defendant is 78 to 97 months.  See U.S.S.G. Chapter 5, Part A.  Neither party argues for a departure based on the guidelines or the Sentencing Commission's policy statements.  The Court will discuss the appropriate treatment of the advisory guidelines range below.

### 6. The Need to Avoid Unwarranted Sentencing Disparities

The Court finds that the Defendant's predicate offenses are minor relative to those committed by co-defendant Nathaniel Gray ("Gray") and more significant than those committed by his other co-defendants.  The need to avoid unwarranted sentencing disparities among the co-defendants in this particular case is satisfied.

Moreover, there is no issue of sentencing disparities among similar offenders nationwide. In 2007, 89.8% of defendants convicted of racketeering and extortion crimes and 62.6% of

-12-

Case No. 1:04-cr-580
Gwin, J.

defendants convicted of bribery offenses were sentenced to a period of incarceration. See United States Sentencing Commission, Office of Policy Analysis, Type of Sentence Imposed by Primary Offense Category-2007 (Table 4), available at http://www.ussc.gov/JUDPACK/2007/6c07.pdf. Among defendants convicted of racketeering and extortion offenses and sentenced to prison time in 2007, the median length of prison time was 60 months and the mean length of incarceration was 97.5 months nationwide. *Id.* at Table 7. In the Sixth Circuit, defendants convicted of such offenses received a median prison term of 30 months and an average prison term of 45.4 months in 2007. *Id.* For defendants convicted of bribery offenses nationwide in 2007, the median length of prison time was 20 months and the mean length of incarceration was 29.8 months. *Id.* In the Sixth Circuit, defendants convicted of bribery offenses in 2007 received a median prison term of 19 months and a mean sentence of 31.2 months of incarceration. *Id.*

This Court's imposition of a 72 month prison term upon Defendant Jackson for his various extortion, racketeering, and fraud offenses therefore falls within the general range of sentences imposed for similar offenders both within the Sixth Circuit and across the United States. The Court concludes that this sentence adequately avoids unwarranted sentencing disparities.

### V. Sentencing Decision

The Court chooses not to follow the advisory guidelines in this case because it concludes that it has the discretion to conduct a de novo review of the § 3553 factors upon resentencing and it finds that a sentence within the guidelines range at this time is "greater than necessary" to fulfill the purposes of the sentencing regime outlined in Section 3553(a)(2).

As previously mentioned, Defendant Jackson has no criminal history and a stable family life.

Case No. 1:04-cr-580
Gwin, J.

The Defendant held a successful business career prior to incarceration and was an active member of his community. The Defendant's age and his convictions both strongly suggest that he will never hold a position of public influence again and thus he will not be in a position whereby he could re-offend and pose a danger to the public. Moreover, the Defendant's efforts to improve himself and his fellow inmates indicate that he is ready to leave prison sooner than the guidelines range would suggest. In sum, Defendant Jackson is a strong candidate for reform. *See United States v. Collington,* 461 F.3d 805, 809 (6th Cir. 2006) (affirming the district court's downward variance based in part on the Defendant's relatively insubstantial previous criminal history and its belief that the defendant "was an ideal candidate for reform").

The Court finds that a sentence of 72 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the Defendant. See 18 U.S.C. § 3553(a)(2). The Court imposes a sentence lower than the advisory guideline range for the reasons described above and in open court in the Court's analysis of the § 3553(a) factors.

Finally, the Court follows the other recommendations of the PSR and the guidelines regarding the terms and conditions of the Defendant's supervised release. These additional terms of the Defendant's sentence are set forth in the Amended Judgment. [Doc. 680.]

## VI. Conclusion

For the reasons stated above, the Court sentences the Defendant to a prison term of 72

Case No. 1:04-cr-580
Gwin, J.

months with credit for time already served.

       IT IS SO ORDERED.


Dated: August 6, 2008                              s/       James S. Gwin
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE